UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALMIRO NAVARRO HOSTIA,<br>Plaintiff,<br>v.<br>TONYA ANDREWS, ET AL,<br>Respondents. | No. 1:26-cv-05572-DAD-CKD (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF *HABEAS COPURS* AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAIING ORDER AS MOOT<br><br>(Doc. Nos. 1,2) |

On July 18, 2026, petitioner, through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his immigration detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order ("TRO") requesting a bond hearing or his immediate release. (Doc. No. 2.) On July 20, 2026, the court set a briefing schedule on petitioner's motion for a TRO and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) In addition, respondents were directed to state any opposition it had to the court's stated intention to rule on the underlying *habeas* petition based upon the current briefing

/////

as well as to provide substantive reasons in support of their position in this regard in its opposition. (*Id.*)

On July 21, 2026, respondents filed an opposition to petitioner's motion for a TRO. (Doc. No. 8.) Respondents request this court rule on petitioner's *habeas* petition at this time without further briefing and the court will do so. (*Id.* at 2.) For the following reasons, the court will grant petitioner's habeas petition and order his immediate release.

In respondents' two-page opposition brief, respondents preserve a position that petitioner is being detained pursuant to 28 U.S.C. § 1225(b). This is an argument that the undersigned has rejected on several prior occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).

Based upon a review of the briefing, the court finds the following facts. Petitioner is a native and citizen of Venezuela. (Doc. No. 1 at ¶ 2.) On or about April 15, 2024, petitioner entered the United States through a point of entry, was stopped by immigration officials, but paroled into the United States. (*Id.*) In September 2024, petitioner was charged with driving while intoxicated ("DWI") in Texas, however, the Texas court deferred adjudication on that charge to allow petitioner to complete community service and educational classes. (Doc. No. 1-2 at 30-32.) Petitioner attaches to his *habeas* petition a document showing he completed Texas' DWI education program on January 25, 2026. (*Id.* at 35.) Petitioner also completed a Mother's Against Drunk Driving ("MADD") course on March 30, 2026.[1] (*Id.* at 34.)

On May 14, 2026, petitioner had a check-in with immigration probation officials and was taken into ICE custody. (Doc. No. 1 at ¶ 26). He has not had a bond hearing before or after his re-detention. (*Id.* at ¶ 30.) Petitioner is now in removal proceedings and has filed a petition for asylum, withholding of removal, and/or for relief under the Convention Against Torture. (*Id.* at ¶ 27.)

The court adopts its reasoning in *Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606, at *3–5 (E.D. Cal. Dec. 9, 2025), in which the court concluded that a

[1] It appears these courses were completed *before* the Texas court ordered deferred adjudication on April 8, 2026.

petitioner's prior release upon his immediate entry into this country created a protected liberty interest in the petitioner's continued release and that due process required a pre-deprivation hearing, one which petitioner has not had in this case. Respondents allude in their brief that a bond hearing may be the appropriate remedy here but fail to argue why this case differs from the circumstances addressed in *Chavarria* where this court ordered a petitioner's release.[2] Respondents also fail to cite any relevant statutory authority which would authorize a bond hearing in lieu of release in the context of petitioner's parole revocation. Accordingly, the court will grant petitioner's *habeas* petition and order his immediate release.

For the reasons stated above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:
   a. Respondents are ORDERED to immediately release petitioner, Balmiro Navarro Hostia, A # 244-459-866, from respondents' custody under the same conditions, if any, he was subject to prior to his re-detention on or about May 14, 2026;
   b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondents will have the burden of establishing that petitioner is either a flight risk or danger to the community by clear and convincing evidence;
2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order;

/////

---

[2] The court recognizes, as previously noted, that petitioner was charged with DWI in Texas in September 2024. However, he received a deferred adjudication on that charge. Thus, this case is most like *Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC, 2025 WL 3251083, at *2, 4 (E.D. Cal. Nov. 21, 2025). Indeed, the petitioner in that case had pending charges against him, whereas the petitioner in this case now has deferred adjudication and it appears is complying with the terms of that deferred adjudication. Accordingly, respondents have not shown that petitioner's DWI charge distinguishes this case from *Cajina*.

3. The Clerk of the Court is directed to serve the warden of the Golden State Annex with a copy of this order; and

4. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **July 23, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE